## STATE OF MISSOURI, Respondent, v. DIONIOCUS THOTHOS, Appellant

St. Louis Court of Appeals. Submitted on Briefs March 7, 1910. Opinion Filed March 22, 1910.

1. AFFIDAVITS: Jurat. A jurat to an affidavit is not part of the affidavit, but is merely evidence of the fact that an affidavit was taken and before whom taken

2. CRIMES AND PUNISHMENTS: Indictments and Informations: Requisites. An indictment or information must set out the charge with sufficient certainty to advise accused of the offense charged, so as to enable him to prepare his defense.

3. ———: Making False Affidavit: Variance Between Information and Proof. The variance between an information charging accused with making a false affidavit before the excise commissioner and the evidence that the affidavit was made before a notary public in the office of the excise commissioner is fatal.

4. ———: ———: Indictment and Information: Definiteness: Statute of Jeofails. An information charging accused with making a false affidavit before an officer authorized to administer oaths is too indefinite, as accused is entitled to know before whom he is charged with taking a false oath by designation of the office, and the defect is not remedied by the Statute of Jeofails.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Wilson A. Taylor,* Judge.

REVERSED.

*William E. Fish* for appellant.

We presume that the State will argue that the oath
was made before an officer competent to administer
oaths, but admitting that fact to be true, for the argu-
ment's sake, the unfortunate part of the State's reason-
ing will fail, as he defendant was charged with making
a false oath before a different person, you cannot
charge a defendant with making a false oath before one
person, and introduce in evidence that it was made be-
fore some one else, as the defendant surely has the
right to know with what he is to be confronted with at
his trial. State v. Nunley, 185 Mo. 102; State v. Gas-
sard, 103 Mo. App. 143; State v. Mysenberg, 171 Mo. 1.

*Phillips W. Moss* for respondent.

(1) Under the facts in the case the appellant was
guilty of the offense charged in the information. (2)
The information does not charge that the affidavit was
made before Thomas E. Mulvihill, excise commissioner.
The jurat which is attached to the affidavit is not a part
of the affidavit and is mere surplusage. 21 Am. and
Eng. Ency. Law, 753; United States v. Neale, 14 Fed.
767; Rex v. Emden, 9 East 437; 1 Am. and Eng. Ency.
P. & P., p. 316; Williams v. Stevenson, 103 Ind. 243;
Kruse v. Wilson, 79 Ill. 233; Cook v. Jenkins, 30 Ia.
452; Theobald v. Railroad, 75 Ill. App. 213. (3) Even
if there be a variance between the allegations of the
information and the proof as to the name of the offi-
cer before whom the affidavit was made, such variance
is cured by the Statute of Jeofails. Secs. 2534, 2535,
R. S. 1899; State v. Wammack, 70 Mo. 410; State v.

Rambo, 95 Mo. 465; State v. Dale, 141 Mo. 287; State v. Smith, 80 Mo. 521; State v. Sharp, 71 Mo. 221; State v. Decker, 217 Mo. 321.

REYNOLDS, P. J.—The information in this case charges the defendant with willfully, corruptly and falsely, under oath, voluntarily making a false affidavit for the purpose of obtaining a dramshop license. The charge in the information is that he made this voluntary false affidavit "before an officer authorized to administer oaths." No name of the officer is given before whom the affidavit is charged to have been made, but at the end of the affidavit, as set out in the information, appears this: "Sworn to and subscribed before me this fifth day of February, 1908. Thomas E. Mulvihill, Excise Commissioner." It appears in evidence that in point of fact the affidavit was not made before the excise commissioner but before a notary public named Haley, who was also a police officer and on duty in the office of the excise commissioner. While it is true, as alleged by the attorney for the state, that the jurat itself is not part of the affidavit, but mere evidence of the fact that an affidavit was taken and before whom taken, it is a fundamental rule of pleading in criminal causes that the indictment or information must set out the charge with sufficient certainty to advise the defendant of the offense with which he stands accused: with such certainty as to enable him to prepare his defense. Anyone reading the affidavit as it is set out in the information would assume that the affidavit had been taken before Thomas E. Mulvihill, excise commissioner. When the information charges that the affidavit was made "before an officer authorized to administer oaths," and that is followed by this affidavit with its accompanying jurat and signature, no one reading it would arrive at any other conclusion than that it charged that that officer who had administered the oath was Mr. Mulvihill. When the proof of the state itself

showed that Mr. Mulvihill had not administered the oath but that Mr. Haley had, there was a fatal variance between the allegata and probata. Furthermore, the information is defective in merely charging that it was before an "officer authorized to administer oaths." That is too indefinite to advise the defendant of the offense with which he is charged. He is entitled to know before whom he is charged to have taken the false oath, certainly by designation of the office, to be safe pleading, by the name of the officer. The Statute of Jeofails, which is relied upon by the attorney for the state, broad as it is, is not broad enough to cover this fatal defect in this information. The judgment of the Court of Criminal Correction is reversed.